**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-04170 JAK (SHx) | Date | July 2, 2014 |
| Title | Melvin V. Heller, et al. v. AstraZeneca LP, et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING ACTION (JS-6)**

On February 28, 2013, Plaintiffs filed this tort action in the Los Angeles County Superior Court, in which they named the following defendants: Astrazeneca Pharmaceuticals, LP; Astrazeneca, LP; McKesson Corp.; and Does 1-50 (collectively "Defendants"). Dkt. 1, Exh. 1 ("Compl."). Plaintiffs are 39 individuals for whom Crestor was prescribed; it is a pharmaceutical drug that lowers cholesterol levels in patients. Crestor is manufactured, marketed, and distributed by Defendants. *Id.* ¶¶ 1, 48. Plaintiffs allege that, as a result of taking Crestor, each suffered various injuries, including: myocardial infarction, cardiomyopathy, sudden cardiac arrest, type II diabetes, and kidney and liver damage. *Id.* ¶ 1.

Prior to the time that Plaintiffs filed this action, 13 other separate, but similar, lawsuits against defendants had been coordinated by the California courts through Judicial Council Coordinated Proceeding No. 4713 ("JCCP 4713"), pursuant to Cal. Civ. Proc. Code §§ 404, *et seq.* and Rules of Court 3.500, *et seq.* See Declaration of Lowell W. Finson ("Finson Decl."), Dkt. 28-1, Exh. A. On April 30, 2013, the California courts added this case and four others to JCCP 4713. Finson Decl., Exh. B. On April 30, 2014, in another similar state court action, *Gilbert, et al. v. AstraZeneca Pharmaceuticals, LP, et al.*, Case No. BC536980, Plaintiffs' counsel moved for its coordination with the JCCP 4713 (the "Add-On Request"). Declaration of Steven Park ("Park Decl."), Dkt. 7, Exh. A.

On May 30, 2014, Defendants removed the action. Dkt. 1.[1] They assert that there is subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(11), a provision of the Class Action Fairness Act of 2005 ("CAFA"). Section 1332(d)(11) creates original jurisdiction in federal courts over mass actions "in which monetary relief claims of 100 or more persons are proposed to be *tried jointly* on the ground that the plaintiffs' claims involve common questions of law or fact." *Id.* (Emphasis added). That subsection provides that a mass action does not include any civil action in which "the claims are joined upon motion of a defendant" or "the claims have been consolidated or coordinated solely for pretrial proceedings." *Id.* § 1332(d)(11)(B)(ii)(II), (IV). The Ninth Circuit has interpreted this provision as "limit[ing] the numerosity component of mass actions quite severely" by including only actions in which "the trial itself would address the claims of at least one hundred plaintiffs." *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 954 (9th

---

[1] In addition to this action, Defendants have removed to this District at least 24 other actions coordinated in JCCP 4713.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV14-04170 JAK (SHx) | | Date | July 2, 2014 |
|---|---|---|---|---|
| Title | Melvin V. Heller, et al. v. AstraZeneca LP, et al. | | | |

Cir. 2009).

Defendants acknowledge that, after *Tanoh*, courts have "uniformly remanded cases where defendants removed after plaintiffs filed a petition seeking to coordinate their cases 'for all purposes' before one judge." Dkt. 1 ¶ 12. And, recently, the Ninth Circuit held that "requests for coordination of cases that each have fewer than 100 plaintiffs but in the aggregate include claims of 100 or more persons" do not constitute "a proposal to try the cases jointly" when the main focus is on pretrial matters. *Id.* ¶ 13 (citing *Romo v. Teva Pharm. USA, Inc.*, 731 F.3d 918, 921 (9th Cir. 2013), *reh'g en banc granted,* 742 F.3d 909 (9th Cir. 2014).

Notwithstanding these holdings, Defendants argue that their removal of this action was proper for three principal reasons. *First*, they argue that the Add-On Request filed in *Gilbert* proposed that Plaintiffs' claims be combined "for all purposes" including trial. Dkt. 1 ¶ 17. However, nothing in the Add-On Request suggests that all of the actions in JCCP 4713 will be tried jointly. Rather, it urges coordination because it would allow the parties to coordinate discovery, eliminate the need for duplicative appearances, status conferences, and discovery conferenes, and eliminate the risk of inconsistent rulings on motions. *See* Park Decl., Dkt. 7, Exh. A.   The focus of the September 6, 2012 coordination order is the same.  *See* Finson Decl., Exh. A.

*Second*, they contend that "CAFA does not require that claims be proposed to be tried jointly at the same time or in a single trial." Dkt. 1 ¶ 17. However, that reading of 28 U.S.C. § 1332(d)(11) is inconsistent with *Tanoh*. *See* 561 F.3d at 954 (28 U.S.C. § 1332(d)(11)(B)(ii)(IV) "limit[s] the numerosity component of mass actions quite severely by including only actions in which the trial itself would address the claims of at least one hundred plaintiffs.").

*Third,* Defendants argue that the Ninth Circuit's decision to rehear *Romo* en banc "*may* signal a forthcoming change in Ninth Circuit law to recognize the right to removal in circumstances such as presented in this case." Dkt. 1 ¶ 14 (italics added).[2] However, that is just speculation. The Ninth Circuit has not issued any opinion to that effect, nor has it reversed *Tanoh*, which remains binding precedent.

For these reasons, other district courts have remanded other JCCP 4713 cases that Defendants had removed. *See Gilbert, et al. v. Astrazeneca Pharmaceuticals, LP, et al.*, LA CV 14-4012 JFW (JPRx), Dkt. 17 (C.D. Cal. June 5, 2014); *Golden, et al. v. Astrazeneca Pharmaceuticals, LP, et a*l., LA CV 14-04115 BRO (AGRx), Dkt. 17 (C.D. Cal. June 9, 2014); *Walker, et al. v. Astrazeneca Pharmaceuticals, LP, et al.*, ED CV 14-1068 GAF (JEMx), Dkt. 19 (C.D. Cal. June 13, 2014); *Forrester v. Astrazeneca Pharmaceuticals, LP, et al.*, LA CV 14-4128 PSG (ASx), Dkt. 17 (C.D. Cal. June 13, 2014); *Sawyer v. Astrazeneca Pharmaceuticals, LP, et al.*, LA CV 14-4050 PSG (JCx), Dkt. 20 (C.D. Cal. June 13, 2014).

The analyses by these courts are persuasive. This Court joins these courts and finds that it lacks subject-matter jurisdiction over this dispute. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . .").

---

2  *Romo* was reheard en banc on June 19, 2014.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-04170 JAK (SHx) | Date | July 2, 2014 |
|---|---|---|---|
| Title | Melvin V. Heller, et al. v. AstraZeneca LP, et al. | | |

For all of the foregoing reasons, this action is REMANDED to the Los Angeles County Superior Court, Case No. BC501979, at the Central Civil West Courthouse.

**IT IS SO ORDERED.**

: 

Initials of Preparer     ak